IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DENNIS FINBARR MURPHY,**

    Plaintiff,

v.                                            CIVIL ACTION NO.: 3:15-CV-133
                                                   (GROH)

**U.S. CUSTOMS AND BORDER
PROTECTION,**

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, GRANTING PLAINTIFF'S REQUEST FOR A VAUGHN INDEX AND DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR AN IN CAMERA REVIEW

The Plaintiff, Dennis Finbarr Murphy, claims that the Defendant, U.S. Customs and Border Protection, has failed to abide by the requirements of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in the Defendant's handling of the Plaintiff's request for certain information under the act. The Defendant now moves for summary judgment in its favor, arguing that it has sufficiently demonstrated its compliance with FOIA. For the following reasons, the Court finds that the Defendant has failed to meet its burden in demonstrating that documents responsive to the Plaintiff's FOIA request were withheld pursuant to a recognized exemption under FOIA. Accordingly, the Defendant's Motion for Summary Judgment [ECF No. 22] is denied. Because the Defendant has failed to provide sufficient information thus far in the litigation, the Court hereby establishes a schedule for the filing of a Vaughn index and for additional briefing from the parties. The Plaintiff's request for an *in camera* review of the responsive documents is denied without prejudice.

## I. Background

The Plaintiff, a former security guard at a U.S. Customs and Border Protection facility in Harpers Ferry, West Virginia, alleges that he filed a FOIA request in early 2015, seeking documents pertinent to an Equal Employment Opportunity complaint the Plaintiff had previously filed against the Defendant. After not receiving a response to his FOIA request for approximately ten months, the Plaintiff initiated this lawsuit, seeking an order from this Court enjoining the Defendant from withholding agency records responsive to the Plaintiff's FOIA request.

In February of 2016, upon reviewing the record in this case, the Court determined that the Plaintiff had failed to effect service in the proper manner under Rule 4 of the Federal Rules of Civil Procedure. The Court ordered the Plaintiff to either demonstrate that proper service had been made or to show cause why his complaint should not be dismissed. In the following weeks, the Plaintiff attempted to demonstrate that service had been made on the proper parties. The Plaintiff's service remained deficient, however, because he failed to serve the Attorney General of the United States as required by Rule 4(i). The Defendant then moved to dismiss the Plaintiff's complaint pursuant to Rule 12(b)(5) for insufficient service of process. Soon thereafter, the Plaintiff submitted proof of proper service on the Attorney General. On May 20, 2016, the Court denied the Defendant's Motion to Dismiss, finding that the Plaintiff cured his failure to serve the necessary persons under Rule 4(i) within a reasonable time and that, therefore, dismissal would be inappropriate.

On June 3, 2016, the Defendant submitted the instant Motion for Summary Judgment. The Defendant avers that it responded to the Plaintiff's FOIA request on March

18, 2016. In light of its response to the Plaintiff's request, the Defendant argues that the claims raised in the Plaintiff's complaint are now moot. According to the Defendant, a search identified 146 documents that are responsive to the Plaintiff's request. Some of these documents were provided to the Plaintiff, but the Defendant withheld 116 of the documents. Of the 30 documents that were provided to the Plaintiff, multiple documents were heavily redacted. The Defendant argues that it did not disclose the information contained in the redacted and withheld documents because those documents qualify under certain statutory exemptions to disclosure provided by FOIA.

Together with its Motion for Summary Judgment, the Defendant submitted a Declaration [ECF No. 22-2] prepared by Sabrina Burroughs, director of the FOIA division of U.S. Customs and Border Protection. Ms. Burroughs stated that she is "personally familiar with Plaintiff Murphy's FOIA request," and she confirmed that "[o]n March 18, 2016, CBP issued its Final Response to Plaintiff Murphy's FOIA request." Ms. Burroughs did not reference the nature of the search that was conducted to locate the subject documents. As for the exemptions under which the Defendant claims it may redact or withhold the responsive documents, Ms. Burroughs stated that "U.S. Customs and Border Protection has complied in full with Title 5, U.S.C. § 552, *et seq.* in responding to Plaintiff Murphy's FOIA request." Also submitted as an attachment to the Defendant's motion was a letter prepared by a Government Information Specialist at U.S. Customs and Border Protection. The letter, which the Defendant avers was mailed to the Plaintiff together with the responsive documents, provides that "certain information" was withheld by the Defendant. The letter goes on to list four exemptions to disclosure under FOIA. The letter provides short descriptions of the types of documents that may be withheld under the enumerated

FOIA exemptions, but the letter does not describe how any specific documents responsive to the Plaintiff's request could qualify under the different exemptions in this case.

Initially, the Plaintiff's primary argument in opposition to the Defendant's motion was that he had not received any documents from the Defendant. This was apparently the product of confusion regarding the process of accessing FOIA records on the internet. It appears that this issue was resolved when the Defendant mailed hard copies of the pertinent documents to the Plaintiff's physical address. In a subsequent filing, captioned as "Plaintiff's Motion for an Order to Compel Production of Documents Requested Under FOIA and for a Detailed Vaughn Index," the Plaintiff moved the Court to order the Defendant to file a document "describing and justifying its withholdings."[1] In response to that filing, the Defendant argues that it has already provided the Plaintiff and the Court with a sufficient explanation as to why the responsive documents were redacted or withheld, and that, therefore, no Vaughn index is required. The Plaintiff has since made a request for the Court to conduct an *in camera* inspection of the responsive documents to determine whether the exemptions identified by the Defendant apply in this case.[2] To date, the Defendant has not filed an answer to the Plaintiff's complaint.

---

[1] A Vaughn index, so named after the decision that first discussed the use of such a document, is a list identifying and describing documents that an agency has withheld after a FOIA request. See Vaughn v. Rosen, 484 F.2d 820, 828 (D.C. Cir. 1973). "The list must include sufficiently detailed information to enable a district court to rule whether the document falls within a FOIA exemption." Rein v. U.S. Patent & Trademark Office, 553 F.3d 353, 357 n.6 (4th Cir. 2009).

[2] The Plaintiff's request for an *in camera* review was raised in his Motion for an In Camera Inspection of Documents [ECF No. 27], which was subsequently amended by his Amended Motion for an In Camera Inspection of Documents [ECF No. 28]. Although the Plaintiff's Amended Motion for an In Camera Inspection of Documents was filed on July 1, 2016, the Defendant did not file a response to the Plaintiff's amended motion until July 27, 2016. Because the Defendant's response was not filed in a timely manner, see LR Civ P 7.02(b)(1), the Court has disregarded that filing and has not considered the arguments asserted therein.

## II. Discussion

The Freedom of Information Act serves an important purpose: "to maintain an open government and to ensure the existence of an informed citizenry 'to check against corruption and to hold the governors accountable to the governed.'" Ethyl Corp. v. EPA, 25 F.3d 1241, 1245 (4th Cir. 1994) (quoting NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978)). When an individual or an entity requests information from a governmental agency under FOIA, the agency is generally required to make the requested information and records available to the public, so long as the request for information "reasonably describes such records" and "is made in accordance with published rules" regarding the procedures for such a request. 5 U.S.C. § 552(a)(3)(A). However, because legitimate governmental and private interests could be harmed by the release of certain information, FOIA was designed to include several exemptions to disclosure. See Wickwire Gavin, P.C. v. U.S. Postal Serv., 356 F.3d 588, 592 (4th Cir. 2004). The nine exemptions to disclosure are enumerated in § 552(b). When a plaintiff challenges an agency's decision to withhold responsive documents under an enumerated exemption, the district court tasked with reviewing the agency's action "must make a *de novo* determination of whether government records were properly withheld." Wickwire Gavin, P.C. v. Def. Intelligence Agency, 330 F. Supp. 2d 592, 596 (E.D. Va. 2004) (quoting Willard v. IRS, 776 F.2d 100, 102 (4th Cir. 1985)). "Whether a given document properly falls within the scope of one of the statutory exemptions is a question of law." Id. (citing Ethyl Corp., 25 F.3d at 1246).

If a dispute arises, a governmental agency must demonstrate that the search it conducted after receiving a FOIA request was adequate and that any information the agency withheld qualifies under an exemption to FOIA. As to the adequacy of the search,

the act itself provides that in responding to a request for records "an agency shall make reasonable efforts to search for the records in electronic form or format." 5 U.S.C. § 552(a)(3)(C). To "search," as that term is used in FOIA, is "to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D). A FOIA search does not need to be a perfect search, "only a reasonable one." Rein v. U.S. Patent & Trademark Office, 553 F.3d 353, 362 (4th Cir. 2009); see also Ethyl Corp., 25 F.3d at 1246 ("In judging the adequacy of an agency search for documents the relevant question is not whether every single potentially responsive document has been unearthed, but whether the agency has demonstrated that it has conducted a search reasonably calculated to uncover all relevant documents." (internal quotation marks and citation omitted)). An agency may offer an affidavit in an attempt to demonstrate that its FOIA search was reasonable. Such an affidavit "must provide sufficient detail regarding the search for documents to allow the district court to determine if the search was adequate." Wickwire Gavin, P.C. v. Def. Intelligence Agency, 330 F. Supp. 2d at 598. An agency will not succeed on summary judgment if it simply avers that a search was conducted "consistent with customary practice and established procedure." Ethyl Corp., 25 F.3d at 1246-47.

When arguing in support of its decision to withhold responsive information or records, an agency "bears the burden of demonstrating that a requested document falls under [a § 552(b) exemption]." Rein, 553 F.3d at 366. In determining whether an agency has met its burden, the district court may examine the withheld records *in camera*. See 5 U.S.C. § 552(a)(4)(B). However, an agency is not automatically required to submit all potentially responsive documents to the district court for *in camera* review. Although *in*

6

*camera* review may be necessary and appropriate in certain situations, "[a]n agency should be given the opportunity, by means of detailed affidavits or oral testimony, to establish to the satisfaction of the District Court that the documents sought fall clearly beyond the range of material that would be available to a private party in litigation with the agency." EPA v. Mink, 410 U.S. 73, 93 (1973). That being said, even when a party offers an affidavit or declaration from an individual with personal knowledge of the plaintiff's FOIA request, some detail is required—"conclusory and generalized allegations of exemptions" will not do. Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973).

Accordingly, when necessary, a court may order an agency to produce a Vaughn index—a thorough list that identifies and describes the documents that an agency has withheld and the justification for withholding the documents under the applicable exemption—in order to ensure "that allegations of exempt status are adequately justified." Id. To justify summary judgment in the agency's favor, a Vaughn index should be both itemized and specific, allowing the district court to determine whether the claimed privileges apply to the specific documents being withheld. See Ethyl Corp., 25 F.3d at 1250. "If the index is so vague as to leave the district court with an inability to rule, then some other means of review must be undertaken, such as *in camera* review." Id. *In camera* review should be ordered only with adequate justification, however, not simply on the theory that "it can't hurt." Quinon v. FBI, 86 F.3d 1222, 1228 (D.C. Cir. 1996) (citing Ray v. Turner, 587 F.2d 1187, 1195 (D.C. Cir. 1978) (per curiam)).

In the Fourth Circuit, as a general rule, disputes over whether information was validly withheld under a § 552(b) exemption are resolved on summary judgment, without the need for trial. Hanson v. U.S. Agency for Int'l Dev., 372 F.3d 286, 290 (4th Cir. 2004). Under

Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment when a dispute presents no genuine issue as to any material fact and the movant is thus entitled to judgment in its favor as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In determining whether summary judgment is appropriate, a court must conduct "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If the movant is able to show the absence of genuine issues of material fact, the party opposing summary judgment must then come forward with evidence demonstrating that there is in fact a genuine issue requiring adjudication. See Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323-35; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). When considering a summary judgment motion in a FOIA action, a court should view the evidence in the light most favorable to the nonmovant. See City of Virginia Beach v. U.S. Dep't of Commerce, 995 F.2d 1247, 1252 (4th Cir. 1993). As noted, because there is a presumption for disclosure under FOIA, "the burden of justifying nondisclosure rests squarely upon the government." Id. (citing 5 U.S.C. § 552(a)(4)(B)).

Here, the Defendant has failed to meet its burden under FOIA and the authority discussed above. The Defendant has provided almost no information to justify its decision to redact or withhold over 80% of the documents that were deemed responsive to the Plaintiff's FOIA request. Instead, the Defendant stands on conclusory and generalized statements concerning the responsive documents and the purportedly applicable § 552(b)

exemptions. The Defendant's argument in support of its Motion for Summary Judgment is brief and unpersuasive. "In the case at hand," the Defendant argues, "the agency's letter to Plaintiff . . . clearly demonstrates that each responsive document in regard to Plaintiff's request has been produced or is exempt." In fact, the agency's letter does nothing to demonstrate that the responsive documents are exempt. The letter simply asserts that 116 of the 146 pages deemed responsive by the Defendant are being "withheld in their entirety, pursuant to Title 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E)." The letter goes on to briefly describe the general types of information that could be withheld under those exemptions. The accompanying declaration states that the Defendant sent the Plaintiff a letter, and that the Defendant now considers the matter closed.

The Defendant argues that by submitting the letter and the declaration, it has already provided a sufficient explanation to justify withholding the subject documents. Accordingly, the Defendant contends that the Plaintiff is not entitled to a Vaughn index. In support, the Defendant accurately cites Brown v. FBI, 675 F. Supp. 2d 122, 130 (D.D.C. 2009), for the principle that a FOIA plaintiff is not entitled to a Vaughn index, but rather "is entitled to an explanation of why information was redacted or withheld, which may be conveyed in any number of ways." But here, the Plaintiff has yet to be provided with any explanation for why the responsive documents were redacted or withheld. The letter that the Defendant claims provided such an explanation is far from sufficient, stating only that a specialist reviewed the responsive documents and deemed 116 of them (together with portions of the remaining 30) subject to one of four exemptions. The Defendant also cites Voinche v. FBI, 412 F. Supp. 2d 60, 65 (D.D.C. 2006), as support for its position that although an agency's explanation for withholding documents *may* include a detailed

9

description of the withheld documents or take the form of a Vaughn index, an agency may also "satisfy its burden by other means." In quoting from Voinche, the Defendant omits the second half of the following sentence: "Thus, an agency does not have to provide an index per se, but can satisfy its burden by other means, *such as submitting the documents in question for an* in camera *review or by providing a detailed affidavit or declaration*." Id. (emphasis added). In this case, the Defendant has not submitted the subject documents for review and has provided a single declaration devoid of detail. Because the Defendant has provided only conclusory and generalized allegations of exemptions, without any supporting information, the Court cannot find that the Defendant is entitled to summary judgment in its favor. For the same reasons, the Court finds that the Defendant must submit a Vaughn index.

### III. Conclusion

Upon review and consideration, for the aforementioned reasons, the Court **ORDERS** that the Defendant's Motion for Summary Judgment [ECF No. 22] is **DENIED**. The Plaintiff's Motion for an Order to Compel Production of Documents Requested Under FOIA and for a Detailed Vaughn Index [ECF No. 25] is **GRANTED IN PART**. The Court **ORDERS** that the Defendant must prepare and file with the Court a detailed Vaughn index. Because the Court hereby grants the Plaintiff's request for a Vaughn index, the Court **ORDERS** that the Plaintiff's Motion for an In Camera Inspection of Documents [ECF No. 27] and his Amended Motion for an In Camera Inspection of Documents [ECF No. 28] are **DENIED WITHOUT PREJUDICE**. If, upon review, the Court finds the Defendant's Vaughn index to be insufficient, the Court will order the Defendant to submit the subject documents

for *in camera* review at that time.

Finally, as this case proceeds toward resolution, the Court **ORDERS** that the parties abide by the following deadlines:

- The Defendant must file an answer to the Plaintiff's complaint by **September 2, 2016**.

- The Defendant must submit a Vaughn index by **September 2, 2016**. The Vaughn index must be filed on the docket in this case and must be delivered to the *pro se* Plaintiff by mail at his physical address.

- The parties must submit any motions for summary judgment by **September 30, 2016**.

- Any response in opposition to an opposing party's motion for summary judgment must be filed by **October 28, 2016**.

- The parties may file any reply in support of a motion for summary judgment by **November 10, 2016**.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein and to send a copy by certified mail, return receipt requested, to the *pro se* Plaintiff.

**DATED:** August 5, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE