**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**DENNIS FINBARR MURPHY,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　**CIVIL ACTION NO.: 3:15-CV-133
(GROH)**

**U.S. CUSTOMS AND BORDER
PROTECTION,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT AND
GRANTING PLAINTIFF'S MOTION RE-REQUESTING AN IN CAMERA INSPECTION**

This matter is before the Court on the Defendant's Motion for Summary Judgement and the Plaintiff's Motion Re-Requesting an In Camera Inspection of Documents. The Plaintiff, Dennis Finbarr Murphy, claims that the Defendant, U.S. Customs and Border Protection, has failed to abide by the requirements of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in the Defendant's handling of the Plaintiff's request for certain information under the act. After denying the Defendant's first motion for summary judgment and ordering it to file a Vaughn Index, the Defendant again moves for summary judgment, arguing that it has sufficiently demonstrated compliance with FOIA. For the following reasons, the Court finds that the Defendant has failed to meet its burden in demonstrating that documents responsive to the Plaintiff's FOIA request were withheld pursuant to a recognized exemption under FOIA. Accordingly, the Defendant's second Motion for Summary Judgment [ECF No. 41] is denied. For the reasons that follow, the

Court also grants the pro se Plaintiff's Motion Re-Requesting an In Camera Inspection of Documents [ECF No. 38].

## I. Background

The Plaintiff, a former security guard at a U.S. Customs and Border Protection ("CBP") facility in Harpers Ferry, West Virginia, alleges that he filed a FOIA request in early 2015, seeking documents pertinent to an Equal Employment Opportunity complaint the Plaintiff had previously filed against the Defendant. After not receiving a response to his FOIA request for approximately ten months, the Plaintiff initiated this lawsuit, seeking an order from this Court enjoining the Defendant from withholding agency records responsive to his FOIA request.

On August 5, 2016, the Court entered a memorandum opinion and order denying the Defendant's motion for summary judgement, granting the Plaintiff's request for a Vaughn index and denying without prejudice the Plaintiff's request for an *in camera* review. ECF No. 30. Thereafter, the Defendant filed its answer and a motion for extension of time to file the Vaughn index. ECF No. 35. The Court granted the Defendant's motion in part, allowing the Defendant to have an additional two weeks in which to file the Vaughn index. On September 16, 2016, the Defendant filed the Vaughn index along with a supporting declaration of Sabrina Burroughs, Director of the FOIA Division at CBP.

On September 22, 2016, the Plaintiff filed a second motion seeking an *in camera* inspection of documents. ECF No. 38. On September 29, 2016, the Defendant filed a motion seeking an extension of time to file its second motion for summary judgement.

ECF No. 39. The Court granted the Defendant's extension, and the Defendant filed its motion for summary judgement on October 2, 2016. ECF No. 41.

In its motion for summary judgement, the Defendant argues that its search was reasonable and thorough, and the Vaughn index it has provided is adequate under the law. ECF No. 41-1 at 6-8. In its argument to the Court, the Defendant avers that after the Court denied its first motion for summary judgement, it undertook a second search in response to the Plaintiff's FOIA request. Id. at 6. The new search returned 269 pages of responsive documents, or 123 more pages than the first search that the Defendant relied upon when filing its first motion for summary judgement. See ECF No. 22-1 at 4. The Defendant explains that the additional pages are comprised of "1) additional documents than those identified during the first search and 2) email attachments which had been among the documents withheld." ECF No. 41 at 6. Finally, the Defendant's motion relies upon Ms. Burroughs's declaration to provide the Court with sufficient detail regarding the search for documents so that it can determine whether the Defendant's search was in fact adequate. The Defendant further argues that the Vaughn index is adequate under the law because it explains with reasonable specificity why the Defendant has redacted or withheld various documents related to the Plaintiff's FOIA request.

## II. Discussion

Upon reviewing the Vaughn index and accompanying attachments submitted by the CBP, the Court finds that although the search performed was adequate, the Vaughn index is not. As to the search, the Court has reviewed Sabrina Burroughs's declaration [ECF No. 37-2], which explains with sufficient particularity the search CBP performed. "In judging the adequacy of an agency search for documents the relevant question is not

whether every single potentially responsive document has been unearthed, but whether the agency has demonstrated that it has conducted a search reasonably calculated to uncover all relevant documents." Rein v. U.S. Patent & Trademark Office, 553 F.3d 353 (4th Cir. 2009).

However, the Vaughn index does not provide the Court with reasonable specificity such that it can determine whether the claimed exemption applies to the withheld material. See Rein, 553 F.3d 353 (noting that a Vaughn index may be provided in lieu of *in camera* production of the withheld documents, but the index must meet threshold requirements). In Rein, the Fourth Circuit found that an index lacking information about the withheld documents' authors and recipients or an explanation that adequately substitutes this information did "not contain adequate information for the district court to have determined whether they were properly withheld." 553 F.3d at 366. "Without this information, it is 'difficult, if not impossible,' to determine whether they fall under Exemption 5." Id. at 367.

Moreover, the Rein Court cautioned that Vaughn index entries "articulat[ing] the Exemption 5 privilege in general terms, using FOIA language, and coupl[ing] the statement of privilege for each document with a general description of the document" are inadequate. Id. at 368 (internal quotations omitted). Regarding a Vaughn index similar to the one here, the Court of Appeals for the District of Columbia found it "patently inadequate to permit a court to decide whether the exemption was properly claimed." Id. (quoting Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 861 (D.C. Cir. 1980)).

Further, the "Bates Range or Document" numbers listed in the Vaughn index are missing from the accompanying documents that they are supposed to identify. Accordingly, it is not possible for the Court to undertake any meaningful review of the

4

provided index and documents because it is entirely unclear which entries correspond to what documents. "To find such superficial entries to be sufficient would permit the Agencies to evade judicial review." Id. at 369.

### III. Conclusion

Upon review and consideration, for the aforementioned reasons, the Court **ORDERS** that the Defendant's second Motion for Summary Judgment [ECF No. 41] is **DENIED**. The Plaintiff's Motion Re-Requesting an In Camera Inspection of Documents [ECF No. 38] is **GRANTED**. <u>The Court **ORDERS** the Defendant to submit the responsive documents for an *in camera* review before February 10, 2017</u>.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein and to send a copy by certified mail, return receipt requested, to the *pro se* Plaintiff.

It is so **ORDERED**.

**DATED**: January 23, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE