# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**DENNIS FINBARR MURPHY,**

    **Plaintiff,**

**v.**                                                             **CIVIL ACTION NO.: 3:15-CV-133**
                                                                   **(GROH)**

**U.S. CUSTOMS AND BORDER
PROTECTION,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S THIRD MOTION FOR SUMMARY JUDGMENT, GRANTING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT AND AWARDING THE PLAINTIFF REASONABLE EXPENSES

This matter is currently before the Court on cross motions for summary judgment. The United States Customs and Border Protection ("Defendant") filed its Third Motion for Summary Judgement on April 10, 2017. ECF No. 61. Dennis Finbarr Murphy ("Plaintiff") filed his Motion for Summary Judgment[1] on April 14, 2017. ECF No. 62. The Defendant filed a Response on May 5, 2017. ECF No. 64.

### I. BACKGROUND

The Plaintiff, a former security guard at a U.S. Customs and Border Protection ("CBP") facility in Harpers Ferry, West Virginia, filed a FOIA request in February 2015, seeking documents pertinent to an Equal Employment Opportunity complaint the Plaintiff had previously filed against the Defendant. After not receiving a response to his FOIA

---

[1] Styled as Plaintiffs' Cross Motion for Summary Judgment.

request for approximately ten months, the Plaintiff initiated this lawsuit, seeking an order from this Court enjoining the Defendant from withholding agency records responsive to his FOIA request.

On August 5, 2016, the Court entered a memorandum opinion and order denying the Defendant's first motion for summary judgement, granting the Plaintiff's request for a <u>Vaughn</u> index and denying without prejudice the Plaintiff's request for an *in camera* review. ECF No. 30. Thereafter, the Defendant filed its answer and a motion for extension of time to file the <u>Vaughn</u> index. ECF No. 35. The Court granted the Defendant's motion in part, allowing the Defendant to have an additional two weeks in which to file the <u>Vaughn</u> index. On September 16, 2016, the Defendant filed the <u>Vaughn</u> index along with a supporting declaration of Sabrina Burroughs, Director of the FOIA Division at CBP.

On September 22, 2016, the Plaintiff filed a second motion seeking an *in camera* inspection of documents. ECF No. 38. On September 29, 2016, the Defendant filed a motion seeking an extension of time to file its second motion for summary judgement. ECF No. 39. The Court granted the Defendant's extension, and the Defendant filed its motion for summary judgement on October 2, 2016. ECF No. 41. On October 6, 2016, the Plaintiff filed his response in opposition. ECF No. 42. On January 23, 2017, the Court entered an Order denying the Defendant's second motion for summary judgment and granting the Plaintiff's motion re-requesting an *in camera* inspection. ECF No. 44.

On January 25, 2017, the Defendant submitted all of the responsive documents to the Court for an *in camera* review. <u>See</u> ECF No. 46. After review and consideration of the unredacted documents, the Court issued an Order to Show Cause why certain

documents were withheld. ECF No. 47. The Defendant responded to the Court's Order on February 27, 2017. ECF No. 51. The Court then Ordered the Defendant to disclose redacted versions of two pages of previously withheld documents to the Plaintiff. ECF Nos. 52 & 55.

On March 28, 2017, the Plaintiff filed a motion for reimbursement of expenses [ECF No. 58], which the Court denied as being premature. ECF No. 60. Thereafter, the parties filed the instant summary judgment motions.

## II. STANDARDS OF REVIEW

Pursuant to Rule 56, Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323-35; Anderson, 477

U.S. at 248. "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (quotations omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

District courts review FOIA determinations *de novo.* 5 U.S.C. § 552(a)(4)(B). Courts should construe FOIA exemptions narrowly in favor of disclosure. See F.B.I. v. Abramson, 456 U.S. 615 (1982); Wickwire Gavin, P.C. v. U.S. Postal Serv., 356 F.3d 588, 591 (4th Cir. 2004). Further, FOIA determinations are generally resolved at the summary judgment stage. Hanson v. U.S. Agency for Int'l Development, 372 F.3d 286, 290 (4th Cir. 2004) (citing Miscavige v. I.R.S., 2 F.3d 366, 369 (11th Cir. 1993)). The government agency shoulders the burden of justifying its actions in response to a FOIA request. 5 U.S.C. § 552(a)(4)(B); see also Willard v. I.R.S., 776 F.2d 100, 102 (4th Cir. 1985) ("The agency refusing to release the information bears the burden of proving that its actions were correct."). An agency is entitled to summary judgment if, viewing the facts in the light most favorable to the Plaintiff, no material facts are in dispute with regard to the agency's compliance. Rein v. U.S. Patent and Trademark Office, 553 F.3d 353, 358 (4th Cir. 2009); Wickwire, 356 F.3d at 590. An agency will prevail on a motion for summary judgment if it can show that every responsive document has been produced or is exempt. Carter, Fullerton & Hayes, LLC v. F.T.C., 601 F. Supp. 2d 728, 734 (E.D. Va. 2009).

An agency's search must be "reasonably calculated to uncover all relevant documents." Ethyl Corp. v. U.S. E.P.A., 25 F.3d 1241, 1246 (4th Cir. 1994). To prove the reasonableness of the search an agency has conducted, it may rely upon "relatively

4

detailed, nonclusory" affidavits. Carter, Fullerton & Hayes, LLC, 601 F. Supp. 2d at 734 (citing McCoy v. United States, No. 1:04cv101, 2006 WL 463106 at *5 (N.D. W. Va. Feb. 24, 2006)) (internal quotation marks omitted).  However, an agency cannot rely on an affidavit that simply states the search was conducted "consistent with customary practice and established procedure." Ethyl, 25 F.3d at 1246 (citing Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C.Cir.1990)) (internal quotation marks omitted). The affidavit must be "reasonably detailed, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched" to allow the requesting party to challenge the adequacy of the search. Id. at 1247 (internal quotation marks omitted).

Courts shall give substantial weight to an agency's affidavit concerning their determination as to technical feasibility and reproducibility.  5 U.S.C. § 552(a)(4)(B). Regarding an agency's claimed exemptions, an affidavit must: "(1) describe the withheld documents and the justifications for nondisclosure with reasonably specific detail; (2) demonstrate that the information withheld falls logically within the claimed exemption; (3) remain uncontroverted by either contrary factual evidence in the record or by evidence of agency bad faith." Pully v. I.R.S., 939 F. Supp. 429, 433 (E.D. Va. 1996) (citing Young v. C.I.A., 972 F.2d 536, 538 (4th Cir. 1992)). Courts should uphold the agency's position if it "fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law." Spannaus v. D.O.J., 813 F.2d 1285, 1289 (4th Cir. 1987) (quoting Barney v. I.R.S., 618 F.2d 1268, 1272 (8th Cir.1980)) (internal quotation marks omitted).

In a FOIA case, an opposing party must provide more than mere conclusory statements when defending against a motion for summary judgment. Carter, Fullerton & Hayes, LLC, 601 F.Supp.2d at 734 (citing Carter, Fullerton & Hayes, LLC v. F.T.C., 520 F.Supp.2d 134, 139 (D.D.C. 2007)). The plaintiff in a FOIA case bears the burden of establishing either: "(1) the Vaughn index does not establish that the documents were properly withheld; (2) the agency has improperly claimed an exemption as a matter of law; or (3) the agency has failed to segregate and disclose all nonexempt material in the requested documents." Id.

### III. DISCUSSION

The Defendant argues it has met its burden regarding adequacy of the searches it conducted and its justification as to why various documents were withheld. "Thus, it is the defendant's position at this time, there no longer exists any genuine issue of material fact and summary judgment should be granted in its favor." ECF No. 61 at 7.

Conversely, the Plaintiff avers that he prevailed in this matter because "[w]ere it not for the plaintiff bring[ing] this matter before the Court[,] all the records sought by the plaintiff under the Freedom of Information Act would have otherwise remained classified as 'privileged' and unavailable to the plaintiff." ECF no. 62 at 6.

The Supreme Court of the United States has explained that a prevailing party is one whose lawsuit resulted in the "material alteration of the legal relationship of the parties." Buckhannon Bd. And Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 604 (2001) (quoting Tex. State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 792-93 (1989)). Pursuant to FOIA, a plaintiff "has substantially prevailed if [he] has obtained relief through either—(I) a judicial order, or an

6

enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the [plaintiff's] claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). Thus, in a FOIA case where a final judgment has yet to issue, a plaintiff will prevail only when the lawsuit "resulted in the release of records that would not otherwise have been released." Virginia-Pilot Media Companies, LLC v. U.S. Dep't of Justice, 147 F. Supp. 3d 437, 449 (E.D. Va. 2015) (quoting Reinbold v. Evers, 187 F.3d 348, 363 (4th Cir. 1999)). "However, subsequent release of documents after the filing of a complaint is insufficient alone to establish causation and courts must consider whether the agency 'made a good faith effort to search out material' upon notice of the request." Virginia-Pilot, 147 F. Supp. 3d at 449 (quoting Weisberg v. Dep't of Justice, 745 F.2d 1476, 1496 (D.C. Cir. 1984)). Ultimately, the Plaintiff must show that "the lawsuit was reasonably necessary and the litigation substantially caused the requested records to be released." Virginia-Pilot, 147 F. Supp. 3d at 449 (citations omitted).

Here, the Plaintiff is the prevailing party. Indeed, after this Court denied the Defendant's first motion for summary judgment, a second search was undertaken, which returned an additional 123 pages of documents. Further, the Court denied the Defendant's second motion for summary judgment and ordered an *in camera* review of all documents, in their unredacted form, after an inadequate Vaughn index was provided. Upon reviewing the documents, the Court ordered the Defendant to show cause why certain documents were withheld in their entirety. The Court found the Defendant's response to the show cause Order lacking, and accordingly, it ordered two previously withheld pages to be redacted and disclosed to the Plaintiff. In short, had the Plaintiff not filed the instant action and diligently pursued disclosure as a matter of right pursuant to

FOIA, he would have never received many of these documents. The Defendant's continued motions to terminate this case, multiple inadequate disclosures and the consistent need for Court intervention, which ultimately resulted in the Plaintiff obtaining documents that otherwise would have been withheld, make the Court's decision straightforward: The Plaintiff is the prevailing party.

### IV. CONCLUSION

Based upon the foregoing, the Court **ORDERS** that the Defendant's Third Motion for Summary Judgment [ECF No. 61] is **DENIED**. The Plaintiff's Cross Motion for Summary Judgment [ECF No. 62] is **GRANTED**.

Furthermore, <u>the Defendant is hereby **ORDERED** to reimburse the Plaintiff, Dennis Finbarr Murphy, no later than July 7, 2017, for his reasonable expenses in bringing this action</u>. The Court calculates those reasonable expenses to be Five Hundred Fifty-Two dollars and Fifty-Four cents (**$552.54**).[2] The Defendant has fourteen days from entry of this Order to object to the reasonableness of the Plaintiff's expenses, otherwise the Court will deem any objections waived.

Pursuant to Federal Rule of Civil Procedure 58, the Clerk of Court is **DIRECTED** to enter a separate Order of Judgment in favor of the Plaintiff.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to send a copy by certified mail, return receipt requested, to the *pro se* Plaintiff.

**DATED**: June 13, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This number is derived from the Plaintiff's Motion for and Reimbursement of Expenses. ECF No. 58. The Court's total figure is $4.22 higher than the proposed total by the Plaintiff. This is because, upon review of the submitted receipts, the Court determined that the Plaintiff miscalculated his postage expenses.

8